UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

IN RE:                                                              Chapter 7

EUGENE STYS
JOAN STYS                                                           Case No. 05-07289

          Debtor(s).

## REAFFIRMATION AGREEMENT
## COMBINED WITH DECLARATION OF DEBTOR'S ATTORNEY

  **IT IS HEREBY AGREED** between EUGENE STYS (hereinafter called debtors) and INDEPENDENT BANK (hereinafter called creditor), pursuant to 11 U. S. C. Section 524:

  1. That debtor does hereby agree to pay creditor the amount of $ 11873.95 under the terms of any instruments, contracts, notes, deeds of trust, etc…, heretofore executed except as may be modified by this reaffirmation agreement and which debt is secured by 2005 HYUNDAI  001289 and which debt shall be paid at the rate of $ 212.55 per month currently due for 10TH day of AUGUST and on the same day of each month thereafter. That upon payment of the above referenced amount the said creditor shall immediate release it's lien on the above referenced security as well as any other security, and will take such steps to have all records reflect the satisfaction indebtedness and release of all liens. This agreement will not be enforceable against a party that signs this agreement if that party is not legally obligated on the said note or contract.

  2. The parties hereby agree, acknowledge and understand that debtor may rescind this reaffirmation agreement at any time prior to discharge or within sixty (60) days after the date this agreement is filed with the court, whichever occurs last, by either debtor or their counsel, PETER BLINN, advising creditor in writing that debtors are rescinding this reaffirmation agreement in which case debtors will have no further liability to creditor. It is further agreed that neither the debtors nor his counsel, PETER BLINN, are required to file a notice of rescission (or any other pleadings or documents) with the U. S. Bankruptcy Court or give written notification of the rescission of this reaffirmation agreement to creditor for the rescission to be effective.

  3. Debtor acknowledges that this reaffirmation agreement does not impose any undue hardship upon them on or any dependent of debtor and is in debtor's best interest. Debtor acknowledges that this reaffirmation agreement is not required under Title 11 of the United States Code (the Bankruptcy Code), under non-bankruptcy law, or under any agreements not in accordance with the provisions of title 11 U. S. C. Section 524(c).

  Dated this the 18TH day of JULY, 2005.

  _____                          _____
  Debtor                                                   Debtor

  INDEPENDENT BANK

  By _____
  Officer, Agent or Attorney for Creditor

## DECLARATION OF DEBTOR'S ATTORNEY

  PETER BLINN, debtor's attorney, hereby swears or affirms pursuant to 11 U. S. C. Section 524(c)(3): (1) the above reaffirmation agreement represents a fully informed and voluntary agreement by debtor, (2) the reaffirmation agreement does not impose an undue hardship on the debtor or a dependent of the debtor, and (3) I have fully advised the debtor of the legal effect and consequences of this reaffirmation agreement and any default under this reaffirmation agreement.

                                                          _____
                                                          PETER BLINN, Attorney for Debtors
                                                          1800 SE 17TH ST BLDG 400, OCALA, FL 34471

              PETER C. BLINN, P.A.
              1800 S.E. 17th ST. BLDG. 400
              OCALA, FL 34471
              (352) 351-3000
              FB # 319619